IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,  CV 05-112-MA
                           CR 04-231-MA
    Plaintiff-Respondent,  OPINION AND ORDER

v.

ROLANDO DEL HORNO-CHAVEZ,

    Defendant-Petitioner.

KARIN J. IMMERGUT
United States Attorney
STEPHEN F. PEIFER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

    Attorneys for Plaintiff-Respondent

ROLANDO DEL HORNO-CHAVEZ
No. 67906-065
U.S. Penitentiary Atwater
P.O. Box 019001
Atwater, CA 95301

    Petitioner Pro Se

1 - OPINION AND ORDER

MARSH, Judge.

The matter before the court is defendant's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (#24). For the reasons that follow, the court denies defendant's petition.

Defendant asserts his sentence of 24 months imprisonment based on his guilty plea to two counts of eluding examination and inspection by immigration officers is unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005). Defendant does not identify any specific alleged flaw in the sentencing proceedings. Instead, defendant merely asserts "it's possible that the decisions in BLAKELY and BOOKER have implications in how [defendant's] offense level and criminal history category were calculated . . ."

Defendant was indicted on three counts: Count 1 - illegal reentry, and counts 2 and 3 - eluding examination and inspection by immigration officers. The record reflects defendant agreed to plead guilty to counts 2 and 3 in exchange for a sentencing recommendation by the government of six months on count 2 and 24 months on count 3, with the sentences to be served consecutively. Defendant also agreed to waive his right to appeal his sentence under 28 U.S.C. § 2255. Notwithstanding defendant's agreement to a total sentence of 30 months, the court sentenced him to a total

sentence of only 24 months by ordering the two sentences to run concurrently.

Defendant has not alleged any facts to support a finding that he did not voluntarily and knowingly enter into the plea agreement with the government.  A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made. United States v. Joyce, 357 F.3d 921, 922 (9th Cir. 2004); United States v. Martinez, 143 F.3d 1266, 1270-71 (9th Cir. 1998).

Based on this record, the court concludes defendant is barred by the terms of his plea agreement from pursuing this collateral appeal.  In any event, the Supreme Court's holding in Booker does not apply retroactively.  Booker, 125 S. Ct. at 769. *See also* Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); Guzman v. U.S., 03-2446-PR, 2005 WL 803214 *2 (2nd Cir., Apr. 8, 2005).

Accordingly, the court concludes defendant has not asserted any lawful basis to have his sentence vacated, set aside, or corrected.

## CONCLUSION

For these reasons, the court DENIES defendant's petition to vacate, set aside, or correct sentence (#24).

IT IS SO ORDERED.

DATED this 3rd day of May, 2005.

                                              /s/ Malcolm F. Marsh
                                              Malcolm F. Marsh
                                              United States District Judge